**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION**

| | | |
|---|---|---|
| KEVIN BROWN, On Behalf of HIMSELF and All Others Similarly Situated, | ) ) ) | |
| *Plaintiff*, | ) ) | COLLECTIVE ACTION |
| v. | ) ) | CASE NO. _____ |
| HISCALL, INC., HISCALL TELECOMMUNICATIONS, INC., and HISCALL TECHNOLOGIES, INC., | ) ) ) ) | JUDGE _____ |
| *Defendants*. | ) ) | |

## COLLECTIVE ACTION COMPLAINT

1. Plaintiff, Kevin Brown, brings this Fair Labor Standards Act ("FLSA") collective action lawsuit against Hiscall, Inc., Hiscall Telecommunications, Inc., and Hiscall Technologies, Inc., ("Defendants") on behalf of himself and all similarly situated individuals, pursuant to 29 U.S.C. § 216(b). Plaintiff alleges that he and similarly situated current and former employees of Defendants regularly worked more than 40 hours per week without receiving overtime pay, in violation of the FLSA.

### I. JURISDICTION AND VENUE

2. This Court has jurisdiction over Plaintiff's claims because they are brought pursuant to 29 U.S.C. § 216(b) and because they raise a federal question pursuant to 28 U.S.C. § 1331.

3. Venue properly lies in this judicial district pursuant to 28 U.S.C. § 1391 because Defendants reside in this judicial district and because the claims arose in this judicial district.

### II. PARTIES

4. Plaintiff Kevin Brown is a resident of Murfreesboro, Rutherford County,

1

Tennessee, is over the age of nineteen (19), and was employed by Defendants from in or around 2009 until in or around May 2016.

5. Defendant Hiscall, Inc. is a Tennessee corporation that is headquartered at 1001 Gentry Circle, Dickson, Tennessee, 37055. Defendant Hiscall, Inc. owns and operates a telecommunications company that, among other things, installs, manages, and repairs telephone, data networking, audio visual, and cable systems. Defendant Hiscall, Inc. also has an office located at 10425 Cogdill Road, Knoxville, Tennessee, 37932.

6. Defendant Hiscall Telecommunications, Inc. is a Tennessee corporation that is headquartered at 1001 Gentry Circle, Dickson, Tennessee, 37055. Defendant Hiscall Telecommunications, Inc. owns and operates a telecommunications company that, among other things, installs, manages, and repairs telephone, data networking, audio visual, and cable systems. Defendant Hiscall Telecommunications, Inc. also has an office located at 10425 Cogdill Road, Knoxville, Tennessee, 37932.

7. Defendant Hiscall Technologies, Inc. is a Tennessee corporation that is headquartered at 1001 Gentry Circle, Dickson, Tennessee, 37055. Defendant Hiscall Technologies, Inc. owns and operates a telecommunications company that, among other things, installs, manages, and repairs telephone, data networking, audio visual, and cable systems. Defendant Hiscall Technologies, Inc. also has an office located at 10425 Cogdill Road, Knoxville, Tennessee, 37932.

8. Defendants employ individuals who are engaged in interstate commerce and/or in the production of goods for interstate commerce or are engaged in handling, receiving, selling, or otherwise working on goods or materials that have been moved in or produced for interstate commerce. As such, Defendants are covered by the FLSA.

## III. FACTS

9. Plaintiff worked for Defendants from 2009 until in or around May 2016 as a "System Technician."

10. As a System Technician, Plaintiff served as a technician who installed, maintained, and performed troubleshooting on telecommunications equipment.

11. Like all of Defendants' System Technicians, Plaintiff spent the vast majority of his work time at Defendants' customers' locations performing the duties described above.

12. Like all of Defendants' System Technicians, Plaintiff regularly worked over 40 hours per week and never under 40 hours per week.

13. However, as a System Technician, Plaintiff was not paid one and one-half times his regular rate of pay for hours worked in excess of 40 in a workweek.

14. Instead, Defendants paid Plaintiff and all other similarly situated System Technicians a fixed salary, and, whenever they completed the sale of a telecommunications system to a customer, they received a two percent (2%) commission.

15. Plaintiff and other System Technicians are not employees exempt from the overtime provisions of the FLSA.

16. Thus, Defendants' failure to pay Plaintiff and other System Technicians proper overtime pay for hours over 40 in a week violated the FLSA.

17. Defendants knew and/or acted with reckless disregard of the fact that its failure to pay Plaintiff and other System Technicians proper overtime violated the overtime requirements of the FLSA.

18. Defendants employ other System Technicians and/or technicians who all, like Plaintiff, regularly work more than 40 hours in a workweek, but are paid a salary and

commission and no overtime pay at one and one-half times their regular rates of pay in willful violation of the FLSA.

## IV. COLLECTIVE ACTION ALLEGATIONS

19. Plaintiff asserts his FLSA claims pursuant to 29 U.S.C. § 216(b) as a collective action on behalf of the following potential opt-in plaintiffs:

> All System Technicians currently or formerly employed by Defendants at any time since January 5, 2014, who install, maintain, and/or perform troubleshooting on telecommunications equipment at Defendants' customers' locations.

20. Plaintiff and the putative members of this collective action are "similarly situated" as that term is defined in 29 U.S.C. § 216(b) because, among other things: (1) Defendants did not pay Plaintiff and the potential opt-in plaintiffs proper overtime when they worked more than 40 hours per week; and (2) Defendants misclassified Plaintiff and the potential opt-in plaintiffs as exempt from the overtime provisions of the FLSA.

21. Virtually all of the legal and factual issues that will arise in litigating the collective claims are common to Plaintiff and those he seeks to represent. These issues include (1) whether Plaintiff and the potential opt-in plaintiffs are eligible to receive overtime compensation under the FLSA; and (2) whether Defendants have actually paid Plaintiff and the potential opt-in plaintiffs overtime at one and one-half time their regular rates for hours over 40.

## V. CAUSE OF ACTION – FAILURE TO PAY OVERTIME

22. All previous paragraphs are incorporated as though fully set forth herein.

23. Plaintiff and the potential opt-in plaintiffs are employees entitled to the FLSA's protections.

24. Plaintiff and the potential opt-in plaintiffs are not exempt from receiving FLSA overtime benefits because, among other things, they are not "executive," "administrative," or

4

"professional" employees, as those terms are defined under the FLSA. *See* 29 C.F.R. §§ 541.0, *et seq*.

25. Defendants are employers covered by the FLSA.

26. The FLSA requires that covered employees receive overtime compensation "not less than one and one-half times" their regular rate of pay.

27. Defendants have violated the FLSA by failing to compensate Plaintiff and the potential opt-in plaintiffs for all hours above 40 worked in a workweek at a rate equal to or above one and one-half times their regular rates of pay.

28. In violation of the FLSA, Defendants have acted willfully and with reckless disregard of clearly applicable FLSA provisions.

## VI. PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for the following relief on behalf of himself and all others similarly situated:

A. An order permitting this litigation to proceed as a collective action pursuant to 29 U.S.C. § 216(b);

B. Prompt notice of this litigation, pursuant to 29 U.S.C. § 216(b), to all potential members of the collective action;

C. A finding that Defendants have violated the FLSA;

D. A finding that Defendants' wage and hour violations have been willful;

E. A judgment against Defendants and in favor of Plaintiff and those he seeks to represent for compensation for all unpaid and underpaid wages that Defendants have failed and refused to pay in violation of the FLSA;

F. Prejudgment interest to the fullest extent permitted under the law;

G. Liquidated damages to the fullest extent permitted under the FLSA;

H. Litigation costs, expenses, and Plaintiff's attorneys' fees to the fullest extent permitted under the FLSA and Federal Rule of Civil Procedure 54(d); and,

I. Such other and further relief as this Court deems just and proper in equity and under the law.

Date: January 5, 2017

Respectfully submitted,

/s/ David W. Garrison
**DAVID W. GARRISON (TN Bar No. 24968)**
**TIMOTHY L. MILES (TN Bar No. 21605)**
**JOSHUA A. FRANK (TN Bar No. 33294)**
BARRETT JOHNSTON MARTIN & GARRISON, LLC
Bank of America Plaza
414 Union Street, Suite 900
Nashville, TN 37219
Telephone: (615) 244-2202
Facsimile: (615) 252-3798
dgarrison@barrettjohnston.com
tmiles@barrettjohnston.com
jfrank@barrettjohnston.com