# SETTLEMENT AGREEMENT

This Settlement Agreement ("Agreement") is made and entered into this 5th day of June, 2017 (the "Effective Date") by Plaintiff, **KEVIN BROWN** ("Plaintiff") and Defendant, **HISCALL, INC.,** HISCALL TELECOMMUNICATIONS, INC., AND HISCALL TECHNOLOGIES, INC. (collectively the "Defendant") in and regarding a lawsuit entitled <u>KEVIN BROWN, on behalf of himself and all others similarly situated, v. HISCALL, INC., HISCALL TELECOMMUNICATIONS, INC., AND HISCALL TECHNOLOGIES, INC.</u>, filed in the United States District Court for the Middle District of Tennessee, Nashville Division, Civil Action Number 3:17-CV-00011 (the "Lawsuit").

## TERMS AND RELEASES

1. **RECITALS**

   "Plaintiff" referred to above is the Plaintiff named in the Lawsuit, who is an adult. Plaintiff has filed suit arising out of his own claim for damages as alleged in the Lawsuit. The Plaintiff has the sole authority to compromise and release his claim(s) as set out in the Lawsuit.

   The execution of this document is a full and final compromise, release, and settlement of the disputed and contested claim, to which the Defendant admits no liability in any form or manner. By the execution of this document and the exchange of financial consideration as set out herein, the Plaintiff is hereby releasing the Defendant, its subsidiaries, agents, and assigns, in exchange for payment by the Defendant.

2. **SETTLEMENT PROVISIONS**

   A. **Plaintiff Covenants.** Plaintiff, and his heirs, assigns, and successors, shall release and discharge the Defendant as per Section 2(B) below.

   B. **Plaintiff's Release and Discharge.** In consideration of the payments set forth in Section 2(E), Plaintiff hereby completely releases and forever discharges the Defendant from all claims asserted in the Lawsuit and all claims which have resulted or may result from the alleged acts or omissions of the Defendant arising out of the conduct described in the Lawsuit. This release and discharge shall also apply to the Defendant's past, present, and future officers, board members, directors, stockholders, attorneys, agents, servants, representatives, employees, subsidiaries, affiliates, predecessors and successors in interest, and assigns and all other persons, firms, or corporations with whom any of the former have been, are now, or may hereafter be affiliated. It is understood and agreed to by the parties that this settlement is a compromise of a disputed claim, and that the

Settlement Agreement
Kevin Brown v. Hiscall, Inc., Hiscall Telecommunications, Inc., and Hiscall Technologies, Inc.
United States District Court for the Middle District of Tennessee, Nashville Division, Case No. 3:17-CV-00011    Page 1

Case 3:17-cv-00011    Document 23    Filed 06/26/17    Page 1 of 5 PageID #: 80

payments are not to be construed as an admission of liability on the part of the Defendant, by whom liability is expressly denied.

C. **Full Satisfaction**. The payments set forth in Section 2(E) by the Defendant are in full satisfaction of each and every claim in the Lawsuit, and it includes all attorneys' fees and costs that Plaintiff may have incurred in connection with the Lawsuit.

D. **Plaintiff's Release**. For consideration of the covenants of the Defendant in Section 2(E) below, and other good and valuable consideration, the receipt and sufficiency of which are hereby expressly acknowledged, the parties shall file a Joint Motion for Dismissal with Prejudice for the ultimate goal of obtaining an Order of Dismissal with Prejudice.

E. **Plaintiff's Covenants**. In consideration of the release and discharge as set forth above, the Defendant agrees to pay to the Plaintiff the following sums in the following manner:

   (i) A payment of Seven Thousand Two Hundred and Fifty Dollars ($7,250.00) to the Plaintiff in the form of wages, with a W-2 to issue forthwith;

   (ii) A payment of Seven Thousand Two Hundred and Fifty Dollars ($7,250.00) to the Plaintiff as liquidated damages, with a 1099 to issue forthwith;

   (iii) A payment of Fourteen Thousand Dollars ($14,000.00) to Plaintiff's attorneys, Barrett, Johnston, Martin, & Garrison, LCC

   (iv) All payments shall be delivered to Plaintiff's attorneys' office within fourteen (14) days of the approval of this Agreement by the Court or the approval of the Agreed Order of Dismissal by the Court, whichever is later.

F. **Liens**. The Plaintiff has no knowledge or notice of any outstanding liens, including any liens for subrogation presented or made by any third party or entity. In the event of the existence of any outstanding liens, it is understood and agreed that the Plaintiff shall be solely responsible to satisfy any and all such liens, and the Plaintiff shall indemnify and hold the Defendant harmless from any and all claims made by lien holders, whether such claims have been made, or in the future are made.

Settlement Agreement
Kevin Brown v. Hiscall, Inc., Hiscall Telecommunications, Inc., and Hiscall Technologies, Inc.
United States District Court for the Middle District of Tennessee, Nashville Division, Case No. 3:17-CV-00011    Page 2

Case 3:17-cv-00011    Document 23    Filed 06/26/17    Page 2 of 5 PageID #: 81

3. **ADDITIONAL TERMS**

   A. **Adequate Consideration.** The consideration received in connection with this Agreement is fair, adequate, and substantial and consists only of the terms set forth in this Agreement.

   B. **Further Assurances.** Each Party agrees to take all reasonable steps necessary to effectuate the terms of this Agreement.

   C. **Confidentiality.** Plaintiff, Defendant, and their respective attorneys represent and agree that they will keep each and every term of this Agreement completely confidential, and neither Plaintiff, Defendant, or their respective attorneys, agents, or representatives will publish, publicize, or disseminate or cause to be published, publicized, or disseminated in any manner, whether verbal or in writing, information relating to the substance or contents of said Agreement to any person or persons except as may be required by law or necessary to effect compliance with the law. (An exception this this confidentiality agreement shall exist for purposes of disclosure to an attorney or accountant for purposes of obtaining or receiving financial advice. Another exception to this confidentiality agreement shall exist for purposes of disclosure to the Plaintiff's spouse by the Plaintiff.) Plaintiff understands, agrees, and covenants that if he discloses any aspect of the Lawsuit or this Agreement to his spouse, any disclosure by said spouse to a third party, which does not include the Plaintiff or any other exception listed herein, shall be treated as if the Plaintiff himself disclosed confidential information and will be considered a breach the confidentiality of this Agreement, and he will be liable for the same as specified herein. Further, the parties agree that if a request is made by any person or entity for disclosure of the confidential information contained in this Agreement, they will make no such disclosure prior to the return date of any such order or subpoena, and promptly, upon receipt of such a disclosure request, they will provide the other party an opportunity to quash, by providing written notice of the same. The parties acknowledge that the existence of the Lawsuit and the allegations and defenses raised therein are not confidential.

   D. **Non-Disparagement.** Subject to Section 3(E) below, both parties expressly acknowledge, agree, and covenant that neither will make any statements, comments, or communications that could constitute disparagement or that may be considered to be derogatory or detrimental to the good name or business reputation of the other party, either party's representatives, heirs, assigns, officers, or any agent or entity related to or in connection with either party.

   E. **Waiver.** The failure of Plaintiff to demand from Defendant performance of any act under the Agreement shall not be construed as a waiver of Plaintiff's right to demand, at any subsequent time, such performance. The failure of Defendant to demand from Plaintiff performance of any act under the Agreement shall not be construed as a waiver of Defendant's right to demand, at any subsequent time, such performance.

**Settlement Agreement**
Kevin Brown v. Hiscall, Inc., Hiscall Telecommunications, Inc., and Hiscall Technologies, Inc.
United States District Court for the Middle District of Tennessee, Nashville Division, Case No. 3:17-CV-00011     Page 3

Case 3:17-cv-00011   Document 23   Filed 06/26/17   Page 3 of 5 PageID #: 82

F.  **Choice of Law.** This Agreement shall be construed in accordance with and all disputes hereunder shall be controlled by the laws of the State of Tennessee without regard to Tennessee's choice of law rules.

G.  **Severability.** If any provision of the Agreement or the application thereof is held invalid by a court, arbitrator or government agency of competent jurisdiction, the Parties agree that such a determination of invalidity shall not affect other provisions or applications of the Agreement which can be given effect without the invalid provisions and thus shall remain in full force and effect or application. However, this provision shall not apply to the confidentiality provision of the Agreement. If a court, arbitrator or government agency of competent jurisdiction determines that this Agreement shall not be confidential, then all other provisions of the Agreement are binding on the parties.

H.  **Integration / Single Agreement.** This Agreement constitutes a single, integrated, written contract expressing the entire understanding and agreement between the Parties, and the terms of the Agreement are contractual and not merely recitals. There is no other agreement, written or oral, expressed or implied between the Parties with respect to the subject matter of this Agreement and the Parties declare and represent that no promise, inducement or other agreement not expressly contained in this Agreement has been made conferring any benefit upon them or upon which they have relied in any way. The terms and conditions of this Agreement may not be contradicted by evidence of any prior or contemporaneous agreement, and no extrinsic evidence may be introduced in any judicial proceeding to interpret this Agreement.

I.  **Amendments to the Agreement.** This Agreement shall not be altered, amended or modified by oral representation made before or after the execution of this Agreement. All amendments or changes of any kind must be in writing, executed by all Parties.

J.  **Advice of Counsel.** Each Party to this Agreement acknowledges that it has had the benefit of advice of competent legal counsel or the opportunity to retain such counsel with respect to its decision to enter into this Agreement. The individuals whose signatures are affixed to this Agreement in a personal or representative capacity represent that they are competent to enter into this Agreement and are doing so freely and without coercion by any other Party or non-party hereto. No tax advice has been offered or provided by the Defendant or attorneys for the Defendant. The Plaintiff is not relying upon any advice or recommendations on the part of the parties released, or attorneys for the Defendant, with regard to any tax consequences of this settlement.

K.  **Attorneys' Fees.** Unless otherwise expressly set forth herein, each of the Parties shall bear its own attorney's fees, costs, and expenses in connection with the matters set forth in the Agreement, including, but not limited to, the Litigation and

Settlement Agreement
Kevin Brown v. Hiscall, Inc., Hiscall Telecommunications, Inc., and Hiscall Technologies, Inc.
United States District Court for the Middle District of Tennessee, Nashville Division, Case No. 3:17-CV-00011          Page 4

Case 3:17-cv-00011   Document 23   Filed 06/26/17   Page 4 of 5 PageID #: 83

the negotiations and preparation of this Agreement. However, if any Party institutes legal proceedings over the enforcement of this Agreement or any provision of it, the prevailing Party shall be entitled to recover from the losing Party its costs, including reasonable attorneys' fees, at both the trial and appellate levels.

L. **Breach of Agreement.** The Parties agree that if either party breaches the terms of this agreement, he or she shall be liable for all costs, including but not limited to, court costs, attorney's fees, and expert fees.

IN WITNESS WHEREOF, the Parties hereto evidence their agreement as a sealed instrument and have executed this Agreement through their counsel as of the day and year first below written.

_____  6/5/17
Plaintiff                        Date

_____  6/5/17
David W. Garrison   #024968      Date
Attorney for Plaintiff

_____  6-16-17
Authorized Agent of Defendant    Date

Print Name: Gary Luffman

_____
Timothy V. Potter   #017520      Date
Attorney for Defendant

Settlement Agreement
Kevin Brown v. Hiscall, Inc., Hiscall Telecommunications, Inc., and Hiscall Technologies, Inc.
United States District Court for the Middle District of Tennessee, Nashville Division. Case No. 3:17-CV-00011    Page 5

Case 3:17-cv-00011   Document 23   Filed 06/26/17   Page 5 of 5 PageID #: 84